# SETTLEMENT AND CUSTODY AGREEMENT

WHEREAS, petitioner commenced an action in the United States District Court for the Eastern District of New York on March 29, 2006, by filing a Petition for Return of Child to Italy Under the Hague Convention, alleging that respondents wrongfully removed and retained Dana Salazar Gaibor without the consent of petitioner and in violation of the Hague Convention on the Civil Aspects of International Child Abduction ("Convention") and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 et seq. (the "Hague Proceeding"); and

WHEREAS, respondent Cesar Salazar, a/k/a Cesar Danilo Salazar Bohorquez, residing at 3107 95 Street, East Elmhurst, New York 11369, a citizen of the United States ("Cesar"), is the natural father of Dana Salazar Gaibor ("Dana"), born on July 15, 1998, a citizen of Ecuador; and,

WHEREAS, petitioner Nazury Amelia Gaibor Ortega, a citizen of Ecuador, and a resident of Italy, residing at Via Forli #79, Turin, Italy, ("Nazury"), is the natural mother of Dana Salazar Gaibor; and,

WHEREAS, Cesar is the subject of a criminal proceeding under Article 574 of the Italian Penal Code (Penal Prosecution n. 22768/02) based on Cesar removing Dana from Italy; and,

WHEREAS, Cesar and Nazury (each a "party" and together the "parties") desire to resolve the Hague Proceeding, the above-referenced Penal Prosecution, and the issues of custody and visitation, without resort to further proceedings;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, as follows:

1. Nazury shall have custody of Dana.

2. Dana shall have permanent residence in Italy with Nazury.

3. Cesar shall have visitation with Dana as follows:

    a. In years ending with an even number, Cesar shall have visitation with Dana in the United States from and including the Sunday before Italian schools break for the Easter holiday until the Saturday of the Easter holiday week (one week in total). Nazury shall accompany Dana to the United States and, during the length of the visit, shall retain Dana's passport and visa. Cesar shall pay for Dana's and Nazury's airfare to and from the United States and shall have the right to select and book the flights on which Dana and Nazury travel. Cesar shall provide Nazury with advance notice of the flight information. Nazury shall have meaningful access by telephone with Dana during the length of the visit.

        i. If Nazury is unable or unwilling to accompany Dana during her scheduled visit and Dana has reached the age of thirteen (13) years old, Dana shall travel by herself to the United States. Cesar shall pay for Dana's airfare to and from the United

States and shall have the right to select and book the flights on which Dana travels. Cesar shall provide Nazury with advance notice of the flight information. If Dana travels by herself to the United States under this Agreement, Nazury may designate a third party in the New York area to retain Dana's passport and visa for the duration of her visit, and Cesar shall provide to the designated third party Dana's passport and visa promptly upon Dana's arrival. Nazury shall have meaningful access by telephone, email, and/or internet with Dana during the length of the visit.

    ii. Prior to Dana attaining the age of thirteen (13) years old, Nazury shall make best efforts to accompany Dana to the United States for Dana's scheduled visits with Cesar, and shall not unreasonably refuse to accompany Dana to the United States for Dana's scheduled visits with Cesar.

    iii. Cesar shall have the right to visit Dana during his scheduled time period in Italy. If Cesar chooses to visit Dana in Italy, he shall pay for his own airfare and costs. Cesar shall select appropriate accommodations in Turin or elsewhere in Italy and Dana shall stay with Cesar for the duration of his visit. Cesar shall provide Nazury with advance notice of the chosen accommodation. Nazury shall retain Dana's passport during the length of Cesar's visit. Nazury shall have meaningful access by telephone, email, and/or internet with Dana during the length of the visit.

    iv. In years ending with an odd number, Nazury shall have Dana for the Easter holiday.

  b. In years ending with an odd number, Cesar shall have visitation with Dana in the United States from and including the Sunday before Italian schools break for the Christmas holiday until the Saturday of the Christmas holiday week (two weeks in total). Nazury shall accompany Dana to the United States and, during the length of the visit, shall retain Dana's passport and visa. Cesar shall pay for Dana's and Nazury's airfare to and from the United States and shall have the right to select and book the flights on which Dana and Nazury travel. Cesar shall provide Nazury with advance notice of the flight information. Nazury shall have meaningful access by telephone with Dana during the length of the visit.

    i. If Nazury is unable or unwilling to accompany Dana during her scheduled visit and Dana has reached the age of thirteen (13) years old, Dana shall travel by herself to the United States. Cesar shall pay for Dana's airfare to and from the United States and shall have the right to select and book the flights on which Dana travels. Cesar shall provide Nazury with advance notice of the flight information. If Dana travels by herself to the United States under this Agreement, Nazury may designate a third party in the New York area to retain Dana's passport and visa for the duration of her visit, and Cesar shall provide to the designated third party Dana's passport and visa promptly upon Dana's arrival. Nazury shall have meaningful access by telephone, email, and/or internet with Dana during the length of the visit.

ii. Prior to Dana attaining the age of thirteen (13) years old, Nazury shall make best efforts to accompany Dana to the United States for Dana's scheduled visits with Cesar, and shall not unreasonably refuse to accompany Dana to the United States for Dana's scheduled visits with Cesar.

iii. Cesar shall have the right to visit Dana during his scheduled time period in Italy. If Cesar chooses to visit Dana in Italy, he shall pay for his own airfare and costs. Cesar shall select appropriate accommodations in Turin or elsewhere in Italy and Dana shall stay with Cesar for the duration of his visit. Cesar shall provide Nazury with advance notice of the chosen accommodation. Nazury shall retain Dana's passport during the length of Cesar's visit. Nazury shall have meaningful access by telephone, email, and/or internet with Dana during the length of the visit.

iv. In years ending with an even number, Nazury shall have Dana for the Christmas holiday.

c. Cesar shall have summer visitation with Dana for the first four complete weeks after Italian schools break for the summer holiday.

i. Prior to Dana attaining the age of thirteen (13) years old, such visitation may take place in Italy. In the alternative, Cesar may elect to have a two-week visit in the United States, with the remainder of his visit with Dana to take place in Italy. If Cesar elects to have two weeks of his visit in the United States, Nazury shall accompany Dana to the United States and, during the length of the visit, shall retain Dana's passport and visa. Cesar shall pay for Dana's airfare to and from the United States and shall have the right to select and book the flights on which Dana travels. Cesar shall provide Nazury with advance notice of the flight information. Nazury shall pay for her own airfare to and from the United States. If Cesar thereafter continues the visit in Italy, Cesar shall pay for his own airfare and costs. Cesar shall select appropriate accommodations in Turin or elsewhere in Italy and Dana shall stay with Cesar for the duration of his visit. Cesar shall provide Nazury with advance notice of the chosen accommodation. Nazury shall retain Dana's passport during the length of Cesar's visit. Nazury shall have meaningful access by telephone with Dana during the length of the visit.

ii. Prior to Dana attaining the age of thirteen (13) years old, Nazury shall make best efforts to accompany Dana to the United States for Dana's scheduled visits with Cesar, and shall not unreasonably refuse to accompany Dana to the United States for Dana's scheduled visits with Cesar.

iii. Once Dana has attained the age of thirteen (13) years old, Cesar shall have visitation with Dana in the United States for the first four complete weeks after Italian schools break for the summer holiday. Nazury may accompany Dana to the United States for all or any portion of the visit and, during the length of the visit, may retain Dana's passport and visa. Cesar shall pay for Dana's airfare to and from the United States and shall have the right to select and book the flights on which Dana travels. Cesar shall

provide Nazury with advance notice of the flight information. Nazury shall pay for her own airfare to and from the United States. In the event Nazury is not in the United States for all or any portion of Dana's visit, Nazury may designate a third party in the New York area to retain Dana's passport and visa for the duration of her visit, and Cesar shall provide to the designated third party Dana's passport and visa promptly upon Dana's arrival. Nazury shall have meaningful access by telephone, email, and/or internet with Dana during the length of the visit.

4. Under no circumstances will Cesar be permitted to travel with Dana to Ecuador without the express written permission of Nazury.

5. Cesar offers child support in the amount of 250 euros per month for the maintenance and support of Dana. Nazury prefers that the issue of child support be determined by the courts of Italy. Cesar has no objection to the courts of Italy determining the issue of child support.

6. Nazury hereby agrees to withdraw her complaint with the Public Prosecutor in Italy with regard to Penal Prosecution n. 22768/02 upon the signing of this Agreement and after her return to Italy with Dana. Nazury agrees that Cesar's legal representative may present an executed copy of this Agreement to the Public Prosecutor as evidence of Nazury's agreement to withdraw her complaint as to Penal Prosecution n. 22768/02. Nazury further agrees to promptly take whatever additional steps are necessary, if any, to notify the Public Prosecutor of the withdrawal of the complaint.

7. Nazury undertakes to provide Cesar with immediate notice and information concerning major events involving Dana's health, such as severe illnesses, accidents, scheduled surgeries or other medical procedures. Nazury further undertakes to provide the names and contact information of Dana's health care providers and agrees to provide whatever releases are necessary, if any, to allow Cesar full access to Dana's medical records. In the event Dana has a serious illness or accident when she is with Cesar, Nazury shall be immediately notified.

8. Nazury undertakes to provide the names and contact information of Dana's education providers and agrees to provide whatever releases are necessary, if any, to allow Cesar full access to Dana's educational records. Nazury shall provide Dana's school calendar to Cesar promptly upon her receipt of the calendar.

9. Both parties shall ensure that Dana and the parent who Dana is with can be reached by telephone by the other parent. Both parties shall ensure that the other has their current address and an up-to-date and working telephone number for them.

10. Cesar shall have meaningful access by telephone, e-mail and/or internet access with Dana during the year. "Meaningful access" shall include, but not be limited to, no fewer than one phone call per week, with the date and time of the phone call to be arranged between the parties.

11. Neither party shall do anything which may estrange Dana from the other party, or injure the opinion of Dana as to the other party, or hamper the free and natural development of the love and respect of Dana for the other party.

12. Nazury may file for custody of Dana with the courts of Italy, and, if she does so, shall submit this Agreement and request that Italy adopt and enforce this Agreement with full faith and credit. In the alternative, Cesar may seek validation of this agreement in the courts of Italy.

13. The terms of this Agreement shall be modified only on consent of the parties and only in writing.

14. If the parties cannot reach agreement on modification of the terms of custody and/or visitation, then any request for a modification of the terms of custody and/or visitation shall be filed with the courts of Italy with notice to the other parent, as long as Dana and Nazury reside in Italy.

15. The courts of both Italy and the United States shall have jurisdiction to enforce this Agreement.

16. This Agreement supercedes and replaces any and all orders, judgments, decrees, or other decisions by any court in any jurisdiction, whether obtained with or without notice, including but not limited to Ecuador, Italy, and the United States.

Dated: July __, 2006
Brooklyn, New York

_____
Joy K. Mele (JM0207)
LANSNER & KUBITSCHEK
Attorneys for Petitioner
325 Broadway
New York, NY 10007
(212) 349-0900

_____
Michael M. Pomerantz (MP0380)
KAYE SCHOLER LLP
Attorneys for Respondent
425 Park Avenue
New York, NY 10022
(212) 836-8000

_____
Nazury Amelia Gabor Ortega

_____
Cesar Salazar

Approved:

_____
U.S.M.J.   7-18-06